IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GENERAL ELECTRIC CAPITAL CORPORATION, | § § § | |
| Plaintiff | § § | C.A. NO. _____ |
| V. | § § § | |
| SAMIR KREIT, MARK KREIT AND EPIONE HEALTH GROUP, PLLC | § § § § | |
| Defendants. | § | |

## PLAINTIFF GENERAL ELECTRIC CAPITAL CORPORATION'S ORIGINAL COMPLAINT

Plaintiff General Electric Capital Corporation files this Original Complaint against Defendants Samir Kreit, Mark Kreit, and Epione Health Group, PLLC, and in support respectfully shows as follows:

### I. PARTIES

1.      Plaintiff General Electric Capital Corporation is a Delaware corporation with its principal place of business in Norwalk, Connecticut.

2.      Defendant Samir Kreit is an individual residing in the state of Texas and may be served with process at 39 Forest Green Trail, Kingwood, Texas 77339.

3.      Defendant Mark Kreit is an individual residing in the state of Texas and may be served with process at  26910 Armor Oaks Drive, Kingwood, Texas 77339.

4.      Defendant Epione Health Group, PLLC is a Texas professional limited liability company and may be served by serving its registered agent, Mounir Kreit, 203 N. College Avenue, Suite 201, Cleveland, Texas 77327.

## II. JURISDICTION AND VENUE

5.        The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a) because this suit involves parties of diverse citizenship and the amount in controversy exceeds $75,000.

6.        Venue is proper in this Court because Defendants Samir Kreit and Mark Kreit reside in Kingwood, Texas, which is within the Southern District of Texas, Houston Division.

## III. FACTUAL BACKGROUND

7.        General Electric Capital Corporation ("GE Capital") is the holder of a Promissory Note dated April 13, 2007 (the "Note") evidencing a loan by GE Capital to East Crockett Medical Building, Corp. ("East Crockett") in the original principal amount of $1,550,000.00.[1]

8.        Contemporaneously with execution of the Note, Defendants Samir Kreit, Mark Kreit, and Epione Health Group, PLLC (collectively referred to herein as "Defendants"), each executed a separate Commercial Guaranty, wherein they each "absolutely and unconditionally guarantee[d] full and punctual payment and satisfaction of the Indebtedness of [East Crockett] to Lender, and the performance and discharge of all [East Crockett's] obligations under the Note and Related Documents."[2]  Defendants expressly waived any right to presentment, demand, or notice of any kind in connection with their obligations under the Commercial Guaranty agreements.  Defendants likewise agreed to forego any requirement that GE Capital proceed directly against East Crockett or dispose of any collateral provided by East Crockett before enforcing the Commercial Guaranty agreements against Defendants.

---

[1]        A true and correct copy of the Note is attached hereto as Exhibit 1.

[2]        True and correct copies of each Commercial Guaranty are attached hereto as Exhibits 2, 3 and 4.

9.      Pursuant to the terms of the Note, East Crockett was required to repay the Note in 239 monthly installments beginning June 15, 2007, and one interest payment on May 15, 2007. East Crockett has failed to make the required payments since July 15, 2012 and is in default on the Note.   The Note has been accelerated and the current outstanding balance exceeds $1,538,000.[3]

10.     Defendants have each breached their obligations under the Commercial Guaranty agreements by failing to satisfy East Crockett's indebtedness on the Note.

## IV. BREACH OF COMMERCIAL GUARANTY AGREEMENTS

11.     Defendants each executed a Commercial Guaranty pursuant to which they absolutely and unconditionally agreed to satisfy all of East Crockett's payment obligations under the Note.  East Crockett defaulted on the Note and the Note has been accelerated.   Defendants have breached the Commercial Guaranty agreements by failing to satisfy East Crockett's payment obligations under the Note.  GE Capital has been damaged by Defendants' breach in the amount of at least $1,538,000.

12.     Additionally, pursuant to the Commercial Guaranty agreements, each Defendant agreed to pay GE Capital's attorney's fees and legal expenses incurred in enforcing the agreements against Defendants.   Accordingly, GE Capital is entitled to recover its attorney's fees, court costs, and other legal expenses in connection with prosecuting this action.

## V. REQUEST FOR RELIEF

WHEREFORE, Plaintiff General Electric Capital Corporation requests that upon final trial it be granted judgment against Defendants, jointly and severally, for (i) actual damages not less than $1,538,000, (ii) attorney's fees, costs of court, and all other legal expenses incurred in

---

[3]     This amount includes principal, interest, default interest, late charges, appraisal fees, tax advances, legal fees, and other fees and expenses owed to GE Capital by East Crockett pursuant to the terms of the Note.

prosecuting this action, and (iii) such other and further relief as it may show itself to be justly entitled.

Respectfully submitted,

By: /s/ Michael D. Morfey
     Michael D. Morfey
     State Bar No. 24007704
     Federal Bar No. 23842
     Andrews Kurth LLP
     600 Travis, Suite 4200
     Houston, Texas  77002
     (713) 220-4163
     (713) 238-7259
     mmorfey@andrewskurth.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF
GENERAL ELECTRIC CAPITAL CORPORATION

Of Counsel:

ANDREWS KURTH LLP

Michelle P. Scheffler
State Bar No. 24049713
Federal Bar No. 803031
mscheffler@andrewskurth.com
M. Kaylan Dunn
State Bar No. 24076359
Federal Bar No. 1171046
kdunn@andrewskurth.com
600 Travis, Suite 4200
Houston, Texas  77002
Telephone:  713-220-4200
Facsimile: 713-220-4285

HOU:3264574.2